IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| MONIQUE D. SAVAGE, MEGAN SAVAGE, AND MONICA SAVAGE<br>　　Plaintiffs | §<br>§<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| MURPHY OIL USA, INC.<br>　　Defendant | §<br>§<br>§ | |

## PLAINTIFFS' ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

**COMES NOW**, Plaintiffs, Monique D. Savage, Megan Savage, and Monica Savage (hereinafter collectively "Plaintiffs"), and complains of Defendant, Murphy Oil USA, Inc. (hereinafter "Defendant"), and would respectfully show unto the Court as follows:

### I.

### JURISDICTION AND VENUE

1. This Court has jurisdiction over the federal claims asserted herein pursuant to 28 U.S.C. §§1331 and 1343. In addition, Plaintiffs invoke this Court's jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000-e, et seq. (hereinafter "Title VII").

2. Venue is proper in the Eastern District of Texas, Texarkana Division, pursuant to 28 U.S.C. §1391, because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

### II.

### PARTIES

3. Plaintiffs are citizens of the United States and residents of Titus County, Texas.

At all times relevant hereto, Plaintiff Monique D. Savage (hereinafter "Plaintiff Savage") was an employee of Defendant.  Plaintiff Savage has been subjected to unlawful employment practices committed in Titus County, Texas by employees and agents of the Defendant.

4.      Defendant, Murphy Oil USA, Inc., is a Delaware corporation licensed and registered to do business in the State of Texas and doing business in Titus County, Texas. Defendant may be noticed of this lawsuit by serving its registered agent, **CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201**.

### III.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.      On February 2, 2017, Plaintiff Savage filed a charge of employment discrimination against Defendant with the Dallas District Office of the Equal Employment Opportunity Commission ("EEOC") within 300 days of the last discriminatory act.  Any allegations in this action which pertain to events that occurred after 300 days of the last discriminatory act pertain to allegations of continuing violation.

6.      Plaintiff Savage was mailed a "Notice of Right to Sue" concerning the charge by letter dated March 27, 2018, entitling her to institute a civil action within 90 days of the date of receipt of said notice.  This action is timely filed.

### IV.

### FACTS AND CAUSE OF ACTION

7.      This action is authorized and instituted pursuant to Title VII.  This is a legal proceeding for legal and/or equitable relief available to secure the rights of the Plaintiffs under this statute.

8. On or about July 29, 2016, Plaintiff Savage was subjected to discrimination based on race, black/African American, in violation of Title VII.

9. Plaintiff Savage was employed by Defendant from December 21, 2012 until July 29, 2016, as an assistant manager. During her employment, Plaintiff Savage had perfect attendance and never received any disciplinary action. On July 29, 2016, Defendant's employee, agent and/or representative, Crystal Wilderson Store, called Plaintiff Savage and informed her that she was being terminated as the result of "cross-ringing products," which was considered "theft." Allegedly, the incident was recorded on camera at Defendant's premises located at 2313 S. Jefferson Avenue, Mount Pleasant, Texas 75455.

10. Plaintiff Savage told Ms. Store that she did not recall "cross-ringing products" on July 29, 2016, and that if she did, it was an honest mistake.

11. Defendant has a progressive disciplinary policy, which was not followed in Plaintiff Savage's case. Plaintiff Savage did not receive a warning, counseling and/or suspension in regard to "cross-ringing products." Additionally, Plaintiff Savage's Caucasian coworkers who had been accused of "cross-ringing products" or "theft" received a written warning and/or suspension, and not termination.

12. As a result of the Defendant's unlawful discriminatory acts, Plaintiff Savage was terminated with loss of a valued career position and needed health benefits, and she has suffered physically and emotionally as well.

V.

DAMAGES

13. Plaintiffs seek statutory damages, back pay and front pay and/or lost wages and

benefits in the past and future, all actual monetary losses, liquidated damages, attorney's fees, expert witness fees, costs, prejudgment and postjudgment interest, and such other and further legal and equitable relief to which Plaintiffs are entitled pursuant to Title VII.

14. Plaintiffs are entitled to actual damages, including pecuniary damages, mental anguish or emotional pain and suffering, inconvenience, and loss of enjoyment of life in the past and in the future, and such other and further relief to which Plaintiffs are entitled because of the actions and/or omissions complained of herein.

## VI.

## JURY DEMAND

15. Plaintiffs respectfully request a jury trial.

## VII.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully pray that Defendant be cited to appear, and, that Plaintiffs be awarded judgment against Defendant for statutory damages, compensatory, punitive and general damages, back pay, front pay and/or lost wages and benefits in the past and future, all actual monetary losses, liquidated damages, attorney's fees, expert witness fees, costs, prejudgment and postjudgment interest, and such other and further legal and equitable relief to which Plaintiffs are entitled.

Respectfully submitted,

**/s/ Marshay Howard**
Marshay Howard
Howard & Associates
STATE BAR CARD NO. 24083204

Uptown Tower
4144 N. Central Expressway, Suite 600
Dallas, Texas 75204
Telephone: (469) 458-3540
Facsimile: (972) 308-6011
mhoward@lawyersdemandingjustice.com

**ATTORNEY FOR PLAINTIFFS**